UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,

                      Plaintiff,

    v.

NDOC, *et al.*,

                    Defendants.

Case No.  3:22-cv-00347-ART-CLB

ORDER

       Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-1).  The Court notes a potential exhaustion issue.

       Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory and unexhausted claims cannot be brought in court.  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

       "In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint."  *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014).  The "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  However, if it later comes to light that the plaintiff failed to exhaust his administrative remedies on the claims raised in the complaint, the district court will dismiss the unexhausted claims from the case.  *Id*. at 219-21 (holding that the district court may dismiss the unexhausted claims from the complaint but may proceed with the exhausted claims).  The plaintiff must exhaust his or her claims before filing a lawsuit and cannot finish the exhaustion process during the case.  *See McKinney*

*v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that the "district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but [was] in the process of doing so when a motion to dismiss [was] filed").

In the complaint, Plaintiff states that on July 13, 2022, he found out from his case worker that he was not receiving certain credits toward his parole eligibility.  (ECF No. 1-1 at 4.)  The complaint was filed on August 2, 2022.  (*Id.*)  It seems unlikely that Plaintiff would have been able to fully exhaust his administrative remedies during that period.  If Plaintiff needs to finish exhausting his administrative remedies, he may choose to file a notice of voluntary dismissal without prejudice[1] by October 4, 2022.  The Court notes that if Plaintiff chooses to proceed with this case, he may be required to pay the full $402 filing fee, which includes the $350 filing fee and $52 administrative fee, even if the Court later dismisses this case.

It is therefore ordered that, if Plaintiff chooses to file a notice of voluntary dismissal without prejudice, he may do so by October 4, 2022.  If Plaintiff chooses not to voluntarily dismiss this action by that date, this case will proceed with the screening process.

DATED THIS  4th  day of August 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal without prejudice means that a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has exhausted his or her administrative remedies.